Rule to show cause why this writ should not be set aside, for irregularity.
The writ recited a judgment at the suit of the Commercial Bank against Biddle, for the real debt of $670 and interest: the payment of the debt to the bank by Fiddeman as the surety of Biddle and an assignment of the judgment to Fiddeman under the act of assembly; the issuing (after the assignment afsd.) of a writ of pluries pluries fi. *Page 501 fa. to May term 1824, bearing teste the 22d December, 1823, to which the sheriff returned nulla bona, levied on lands perinquisition to wit: Nos. 1, 2 and 3, inquiry held and notsufficient;" a writ of venditioni exponas to December term, 1824, for the sale of the said lands, which was returned "sale madeof No. 2 for thirty dollars, and Nos. 1 and 3 remainunsold for want of buyers:" a writ of alias venditioni exponas
to May term, 1825, for the sale of the said remaining tracts Nos. 1 and 3, which was returned "sale made of No. 1 for $14 25 andnot sufficient and No. 3 remains unsold for want of buyers:" a writ of fieri facias for residue to December term, 1825, (tested 1 June, 1825) commanding the sheriff to levy and make of the goods, c. lands, c. of the said Jacob Biddle the residue of the said debt and damages, to which the sheriff returned (at the said December term, 1825) "levied on goods as per inventory and appraisement amountingto $1114 00, subject to prior claims, prior executions andlandlord's rent of $375." Then came the present writ of pluriesvenditioni exponas, alias fieri facias for residue, andattachment which was tested on the 3d November, 1834, and returnable to April term, 1835. It commanded the sheriff to sell thegoods, c. levied on by virtue of the afsd. fi. fa. for residue; tolevy and make of the goods, c. of the said Jacob Biddle anyresidue that should remain after such sale; and to summon thegarnishees of the said Jacob to answer, c.
Frame, in support of the rule. The writ is irregular and this motion to set it aside proper. Tidd. 934. As far back as 1825, the plff. took in execution goods to nearly double the amount of his debt, as appears by the inventory and appraisement. This is a legal satisfaction of the debt until more appears. 2 Tidd. 937, 912, 934. It may be said that the return shows that these goods weresubject to other demands. In the first place such a return without any specification of sums or persons is a mere nullity. The act of assembly provides for this, and if the sheriff follows its directions and specifies prior executions and their amounts, they may be deducted; but not where he specifies neither the number, amounts nor parties in the executions much less can prior claims be allowed, which means any thing or nothing. The court therefore cannot regard this qualification of the return, but will take it according to the appraisement that a sufficient amount of goods were levied to satisfy the debt, until the contrary be shown. For all that appears by the record the debt is legally satisfied by the levy. On this ground the alias fi. fa. must be set aside. Second. But supposing it should turn out that the levy after a sale and deducting prior liens was not sufficient to satisfy the debt, until this appears no fi. fa. for residue can issue, for until the sale non constat that there is a residue. A writ for a residue must show that there is a residue and theamount thereof: that is, it must show absolutely what has been made on the first levy. So are all the forms. (Tidd. Appx. 273;Ch. 41, sec. 65 explains the text of 2 Tidd.) I take the ground then that after a levy of goods to the amount of the debt according to the inquisition and appraisement, no fi. fa. for residue can be issued until a return of the sale, of the goods and of the application of the proceeds shows that there is a residue. It is true that in England a fi. fa. for residue may accompany the *Page 502 
venditioni exponas for the sale of the first levy; but this is because the sheriff is there always accountable to the amount and the residue is ascertained and known from the date of the levy. (2 Tidd.
935.) It is not so here and I am by no means satisfied that in anycase a fi. fa. can accompany the venditioni. It is impossible to say, with certainty, that the first goods will not sell for enough. Third. There is another legal satisfaction of this debt appearing on the record, and that is a portion of the levy on land, the tract No. 3, which has never yet has been sold as appears by the record. Fourth.Tidd. p. 931, says a subsequent writ of execution must be tested on the return day of the former. There is here a lapse of several years between the fi. fa. and venditioni exponas and alias fi. fa. I contend therefore that this is irregular as a continuing execution; and further, fifth; that no new execution original in its character, as this alias fi. fa. for residue is, could be legally issued after the year and day without a previous scire facias. I am not positive that a venditioni exponas could issue for the sale of an old levy, and as a continuation of that execution process, but I insist that proceedings in the nature of new execution process cannot beoriginated after this lapse of time without a scire facias.
Bates, contra. It is impossible to specify the amount of residue in a fi. fa. for residue under our practice. The English forms must therefore necessarily be varied from to suit the different construction we make to the sheriff's liability. In England the sheriff is liable at once to the amount of the levy; the goods are his goods, he seizes and takes them away. It is not so here; and our invariable practice has been to issue for residue without showing what has been before made, or the exact amount, or any amount of residue; the plaintiff, of course, always levying further at his peril. Is this practice of twenty years standing now to be changed by reference to the English forms when so substantial a reason exists for the difference? Second. The sheriff's return here does show the amount of rent to which the first levy was subject, ($375) and taking this from the amount of the appraisement itascertains a residue without regarding the prior liens mentioned in his return, and of which the prior executions must undoubtedly be noticed. This entitled us to a fi. fa. for residue, and according to the practice and the law, we had the right to connect with it a venditioni exponas for the sale of the old levy. Third. Is the undisposed levy on land No. 3, an objection to the issuing of this writ? Although lands are made liable to be sold in payment of debts it has never been decided that a levy on land is a satisfaction. If it were so it would compel every creditor to go on and sell or extend the land after having once made a levy without resort to subsequently acquired personal property. The practice is altogether different, and so is the policy of the law? After inquisition the creditor may elect to take the land or wait for satisfaction out of the defendant's goods. The law only makes the land liable to be sold in the last resort;
not when any money can be made from the personalty. Fourth. Should a sci. fa. have been issued before the alias fi. fa. for residue? The practice has obtained in Sussex, and it has been understood to be under the sanction of the court, to issue a vice comes within the year and day, and at any time after to enter continuances, and issue further execution process. *Page 503 
(The Chief Justice referred to a decision heretofore made in the case of Cooper and wife vs. May, ante 18, in which this point was considered.)
Frame, in reply. I deny any practice in this state connecting a fi. fa. for residue with a venditioni for the sale of the old levy unless it be the practice of the gentleman opposed to me; and that practice is not of an earlier date than 1825, and has been resorted to in but few instances. If it has not been arrested it may be because it has not heretofore been questioned. It at least has never been ratified by any decision of the courts, and has not been followed by others. The rent specified in the sheriff's return was for the year 1825, and as the goods have not been sold it must long since have been paid without resort to them. The claim itself is now barred by limitation. It is therefore not now to be deducted from the levy in any inquiry as to how much of that levy is applicable to this debt.
The motion to set aside this writ of venditioni exponas which has in it a fi. fa. for residue must prevail. In England where the levy is not to the amount of the debt the venditioni exponas may include a fi. fa. for the residue, but there the sheriff is answerable for the amount of the goods levied on at the value as returned by him. Here he is answerable for the goods, but not for the value at which they are appraised, and the amount for which the fi. fa. should go is not ascertained, nor can it be ascertained except by an actual sale. The English practice ought not therefore to be introduced here; nor should a fi. fa. for residue issue until there has been an actual sale of the goods. The practice therefore of issuing a venditioni exponas and inserting in it a fi. fa. for residue cannot be sanctioned by this court. No fi. fa. for residue should issue until it is ascertained by a sale what that residue is.
 Rule made absolute.